UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Involuntary Chapter 7 |
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |
| (Substantively consolidated cases) | |

| | |
|---|---|
| John R. Stoebner, Trustee, | Adv. No. 11-_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Dean C. Leischow, Kelly C. Leischow, and L&A Finance and Marketing LLP, | |
| Defendants. | |

For his Complaint against the above-named Defendants, Plaintiff John R. Stoebner, the trustee of the Chapter 7 bankruptcy estates of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC ("Debtors"), states and alleges as follows:

**PARTIES**

1. Plaintiff is the duly appointed trustee of Debtors' Chapter 7 bankruptcy estates.

2. Defendant Dean C. Leischow ("Dean") is, upon information and belief, an adult resident of the State of Minnesota with a last-known address of 1200 Old Crystal Bay Road, Wayzata, MN 55391.

3. Defendant Kelly C. Leischow ("Kelly") is, upon information and belief, an adult resident of the State of Minnesota with a last-known address of 1200 Old Crystal Bay Road,

1

Wayzata, MN 55391. Kelly is the wife of Dean. Defendant L&A Finance and Marketing LLP ("L&A") is a Minnesota limited liability partnership with a registered address of 2245 Platwood Road, Minnetonka, MN 55305. Upon information and belief, this address is the former residence of Dean. L&A is currently listed as "inactive," by the Minnesota Secretary of State. Upon information and belief, Dean is the sole owner of L&A.

## JURISDICTION AND VENUE

4. Debtors' bankruptcy cases were commenced by separate involuntary Chapter 7 bankruptcy petitions filed on February 6, 2009 (the "Petition Date"). An Order for Relief in each case was entered on March 3, 2009. Debtors' cases are pending in this Court. The cases were substantively consolidated pursuant to Court Orders dated February 2, 2011.

5. This action is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule of Bankruptcy Procedure 1070-1. Plaintiff's claims for avoidance of preferential and fraudulent transfers and for turnover are core under 28 U.S.C. § 157(b)(2)(E) and (H).

6. Venue is properly before the Court pursuant to 28 U.S.C. § 1409.

7. This action seeks to avoid, recover, and preserve certain transfers pursuant to 11 U.S.C. §§ 544, 547, 548, 550 and 551 and Minn. Stat. §§ 513.44 and 513.45, for recovery of a matured debt pursuant to 11 U.S.C. § 542(b), and for conversion, theft and receiving stolen property under Minnesota state law, breach of fiduciary duty and claims for gross negligence, gross mismanagement, breach of the duty of loyalty, and for recovery of illegal distributions under Minn. Stat. §§ 302A.551 and 322B.54. Plaintiff reserves the right to amend the Complaint, to the extent permitted or required by the Federal Rules of Bankruptcy Procedure, to

seek assert such other additional or different claims that are revealed or discovered in the course of this action.

## FACTS COMMON TO ALL CLAIMS

8. Dean is the sole shareholder, chief executive officer, and a director of Debtor LGI Energy Solutions, Inc.

9. Dean is the sole owner, chief executive officer, and a governor of Debtor LGI Data Solutions Company, LLC.

10. Dean controlled or had the ability to control the books and records of Debtors, including the accounting of payments between Debtors and Defendants.

11. During the six years prior to the Petition Date, Debtors made multiple transfers of Debtors' funds to or for the benefit of Defendants, in a total amount of not less than $6,100,000.00 (the "Transfers"). Certain of the Transfers for the period January 1, 2008 to the Petition Date are identified on the attached **EXHIBIT A** which was prepared for Plaintiff based upon the records available to the Trustee. **EXHIBIT A** is not intended to reflect all of the Transfers.

12. Upon information and belief, a total of not less than $2,300,000.00 of the Transfers were made to Defendant Dean.

13. Upon information and belief, a total of not less than $2,700,000.00 of the Transfers were made to Defendant L&A.

14. Upon information and belief, a total of not less than $1,100,000.00 of the Transfers were made to the joint account of Defendants Dean and Kelly.

15. Dean, Kelly, and L&A are insiders to each of the Debtors within the meaning of 11 U.S.C. §101(31).

16. During the 2 years prior to the Petition date, Debtors received payments from various customers, including but not limited to Buffets, Inc., OCB Restaurant Company, LLC, Ryan's Restaurant Group, Inc., HomeTown Buffet, Inc., Tahoe Joe's, Inc., Fire Mountain Restaurants, LLC, Buffalo Wild Wings, Inc., Boddie Noell, Inc., Wendy's International, Inc., Central Parking, Inc., M&B Transit, Inc., All Star Management, Inc., Vie De France, Inc., Mountain Star, Inc., Ulta Salon & Cosmetics, Inc., MBM, Inc., Restaurant Management Group, Inc., and Paradigm Investments, Inc. These customers allege that these payments were to be applied against the customer's respective utility bills. However, according to the various Complaints filed, the customers allege that these payments were wrongfully retained, expended and/or transferred from Debtors' accounts.

**COUNT ONE**
**TURNOVER OF MATURED DEBT -- 11 U.S.C. § 542(b)**

17. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

18. Plaintiff brings this Count One in addition and/or in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

19. Upon information and belief, some portion of the Transfers constituted one or more loans by Debtors to Dean (the "Loans to Officer").

20. The Transfers, to the extent they are Loans to Officer, constitute a debt that is property of the estate and that is matured, payable on demand, or payable on order.

21. Dean is obligated under 11 U.S.C. § 542(b) to pay such debt to Plaintiff.

# COUNT TWO
# PIERCING THE LIMITED LIABILITY SHIELD

22. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

23. Plaintiff brings this Count Two in addition and/or in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

24. Plaintiff is entitled to pierce the limited liability shield of L&A and hold Dean liable for L&A's debts and obligations, including those related to the Transfers and other claims against L&A as set forth in this Complaint.

25. The following facts support a piercing of the limited liability shield of L&A in order to hold Dean personally responsible for L&A's debts and obligations: a) There were voluminous Transfers by the Debtors to L&A as evidenced by the fact that a total of not less than $2,700,000.00 was transferred by Debtors to L&A during the period January 1, 2008 to the Petition Date; b) Dean exclusively controlled L&A and L&A existed merely as a façade for Dean's dealings; c) The intermingling of Dean's personal funds and the Debtors' funds as evidenced by the fact that Transfers made by the Debtors to L&A were treated as debits on the Debtors' Loan to Officer Account, as if the payment had been made to Dean personally. Deposits made by L&A to the Debtors' accounts were treated on the Debtors' Loan to Officer Account as credits, as if the deposits had been made by Dean personally; and d) Dean testified at the first meeting of creditors that L&A was not currently operating.

26. Upon information and belief, other factors are present which support the piercing of the limited liability shield including but not limited to the following: a) insufficient capitalization; b) failure to observe entity formalities; c) nonpayment of dividends; d) insolvency

of L&A at the time of the Transfers; e) siphoning of funds by Dean, the dominant or only member; f) nonfunctioning or nonexistence of other members; and g) absence of entity records.

27. Piercing the limited liability shield of L&A is necessary to avoid injustice and fundamental unfairness.

## COUNT THREE
## AVOIDANCE OF PREFERENTIAL TRANSFERS -- 11 U.S.C. § 547

28. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

29. Plaintiff brings this Count Three in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

30. Upon information and belief, a number of the Transfers made during the year prior to the Petition Date were characterized on the Debtors books and records as repayment to Dean of Loans to Officer ("Repayment Transfers").

31. The Repayment Transfers were made to Dean via transfers to bank accounts owned or controlled by Dean, Kelly, or L&A, or were payments to a third party for the benefit of Dean, Kelly or L&A.

32. The Repayment Transfers were made within one year before the Petition Date.

33. The Repayment Transfers constitute transfers of an interest of Debtors in property.

34. At the time of the Repayment Transfers, Dean was a creditor of Debtors.

35. The Repayment Transfers were made for or on account of an antecedent debt owed by Debtors to Dean at the time the Repayment Transfers were made.

36. The Repayment Transfers were made to or for the benefit of Dean.

37. Debtors were insolvent at the time the Repayment Transfers were made.

6

38. The Repayment Transfers enabled Dean to receive more than he would receive if (a) Debtors' cases were cases under Chapter 7; (b) the Repayment Transfers had not been made; and (c) Dean received payment of his debt to the extent provided by Title 11, U.S.C.

39. Plaintiff is entitled under 11 U.S.C. § 547(b) to avoid the Repayment Transfers.

40. Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided Repayment Transfers, or the value thereof, from Dean, Kelly, L&A, or any third party transferee.

## COUNT FOUR
## AVOIDANCE OF FRAUDULENT TRANSFERS -- 11 U.S.C. § 548

41. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

42. Plaintiff brings this Count Four in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

43. During the two years prior to the Petition Date, a number of Transfers were made by Debtors to Defendants or for the benefit of Defendants for no or inadequate consideration (the "Two-Year Transfers").

44. The Two-Year Transfers constitute transfers of Debtors' interest in property.

45. The Two-Year Transfers were made within two (2) years prior to the Petition Date.

46. Upon information and belief, the Two-Year Transfers were made with the actual intent to hinder, delay and defraud Debtors' then-present and future creditors.

47. The Two-Year Transfers were made via transfers to bank accounts owned or controlled by Dean, Kelly, or L&A, or were payments to a third party for the benefit of Dean, Kelly or L&A.

48. Upon information and belief, Debtors received less than reasonably equivalent value for the Two Year Transfers.

49. Upon information and belief, Debtors were insolvent when the Two-Year Transfers were made, or became insolvent as a result of such Two-Year Transfers.

50. Upon information and belief, Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

51. Upon information and belief, Debtors had at least one creditor at the time of the Two-Year Transfer that remained a creditor at the time of the filing of Debtors' petition.

52. Plaintiff is entitled under 11 U.S.C. § 548(a) to avoid the Two-Year Transfers.

53. Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided Two-Year Transfers, or the value thereof, from Dean, Kelly, and L&A.

## COUNT FIVE
## FRAUDULENT TRANSFER -- MINN. STAT. §§ 513.44 *et seq.*

54. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

55. Plaintiff brings this Count Five in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

56. Upon information and belief, during the six years prior to the Petition Date, a number of Transfers were made by Debtors to Defendants or for the benefit of Defendants for no or inadequate consideration (the "Six-Year Transfers").

57. Upon information and belief, the Six-Year Transfers, were made with the actual intent to hinder, delay and defraud Debtors' then-present and future creditors.

58. Upon information and belief, Debtors received less than reasonably equivalent value for the Six-Year Transfers.

59. The Six-Year Transfers were made via transfers to bank accounts owned or controlled by Dean, Kelly, or L&A, or were payments to a third party for the benefit of Dean, Kelly or L&A.

60. Upon information and belief, Debtors were insolvent when the Six-Year Transfers were made, or became insolvent as a result of such Transfers.

61. Upon information and belief, Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

62. Upon information and belief, Debtors had at least one creditor at the time of the Six-year Transfers that remained a creditor at the time of the filing of Debtors' petition.

63. The Six-Year Transfers are fraudulent within the meaning of either or both of Minn. Stat. §§ 513.44(a) and 513.45(a).

64. Debtors' creditors whose claims arose before or after such Six-Year Transfers were made would be entitled under Minn. Stat. § 513.47 to avoid all Six-Year Transfers made within the prior six years to the extent necessary to satisfy such creditors' claims. By operation of 11 U.S.C. § 544(b)(1), the Trustee is entitled to avoid such transfers to the same extent.

### COUNT SIX
### COMMON LAW CONVERSION

65. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

66. Plaintiff brings this Count Six in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

67. Upon information and belief, Dean caused Debtors to make the Six-Year Transfers to Dean, Kelly, L&A or to third parties for the benefit of Dean, Kelly or L&A for no legitimate purpose and without consideration.

68. Dean therefore intentionally deprived Debtors of their property.

69. As a direct and proximate consequence of this deprivation, Debtors have suffered damages in an amount equal to the value of the Six-Year Transfers.

## COUNT SEVEN
## CIVIL THEFT UNDER MINN. STAT. § 604.14

70. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

71. Plaintiff brings this Count Seven in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

72. Dean's actions to deprive Debtors of their property constitute theft within the meaning Minn. Stat. § 609.52, including but not limited to, Minn. Stat. § 609.52, subd. 2(15) and (16).

73. Under Minn. Stat. § 604.14, Dean is liable for the value of the money stolen, plus punitive damages equal to one-hundred percent (100%) of the value of the money stolen.

74. Plaintiff reserves the right to seek the Court's permission to include a claim for punitive damages in accordance with Minn. Stat. §§ 549.191, *et seq*.

## COUNT EIGHT
## RECEIVING STOLEN PROPERTY UNDER MINN. STAT. § 609.53

75. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

76. Plaintiff brings this Count Eight in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

77. The Six-Year Transfers constitute stolen property within the meaning of Minn. Stat. § 609.53, Subd. 1.

78. Dean and L&A received, possessed, transferred, and concealed the Six-Year Transfers.

79. Upon information and belief, Kelly received, possessed, transferred, and concealed the Six-Year Transfers.

80. Upon information and belief, Dean, Kelly, and L&A knew or had reason to know that the Six-Year Transfers were stolen property.

81. Dean, Kelly, and L&A therefore have violated Minn. Stat. § 609.53, Subd. 1 on one or more occasions.

82. Plaintiff, as representative of the Debtors' bankruptcy estates, has been injured by these violations of Minn. Stat. § 609.53, Subd. 1.

83. Plaintiff is entitled under Minn. Stat. § 609.53, Subd. 4 to recover from Dean, Kelly, and L&A, an amount equal to three times the value of the Six-Year Transfers that constitute stolen property, plus costs and reasonable attorney's fees.

### COUNT NINE
### BREACH OF FIDUCIARY DUTY BY DEFENDANT DEAN LEISCHOW

84. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

85. Plaintiff brings this Count Nine in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

86. Dean as the sole shareholder, president and chief executive officer of Debtor LGI Energy Solutions, Inc., owed a fiduciary duty to the creditors of LGI Energy Solutions, Inc.

87. Dean as the sole member and chief executive officer of Debtor LGI Data Solutions Company, LLC, owed a fiduciary duty to the creditors of LGI Data Solutions Company, LLC.

88. Defendant Dean breached his fiduciary duties to the creditors of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC by reason of the Transfers set forth in this Complaint.

89. The Debtors have been damaged as a direct result of Defendant Dean's breach of fiduciary duties in an amount to be determined.

90. Plaintiff, as representative of Debtors' estates, is entitled to recover damages from Defendant Dean by reason of Defendant Dean's breach of fiduciary duty.

### COUNT TEN
### GROSS NEGLIGENCE, GROSS MISMANAGEMENT AND BREACH OF DUTY OF LOYALTY BY DEFENDANT DEAN LEISCHOW

91. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

92. Plaintiff brings this Count Ten in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

93. The Transfers set forth above, are a result of and evidence the gross negligence of Defendant Dean with respect to the financial affairs of LGI Energy Solutions, Inc.

94. The Transfers set forth above, are a result of and evidence the gross negligence of Defendant Dean with respect to the financial affairs of LGI Data Solutions Company, LLC.

95. The Transfers set forth above, are a result of and evidence the gross mismanagement of Defendant Dean with respect to the financial affairs of LGI Energy Solutions, Inc.

96. The Transfers set forth above, are a result of and evidence the gross mismanagement of Defendant Dean with respect to the financial affairs of LGI Data Solutions Company, LLC.

97. The Transfers set forth above, are a result of and evidence the breach of the duty of loyalty by Defendant Dean with respect to the financial affairs of LGI Energy Solutions, Inc.

98. The Transfers set forth above, are a result of and evidence the breach of the duty of loyalty by Defendant Dean with respect to the financial affairs of LGI Data Solutions Company, LLC.

99. The Debtors have been damaged as a direct result of Defendant Dean's gross negligence in an amount to be determined.

100. The Debtors have been damaged as a direct result of Defendant Dean's gross mismanagement in an amount to be determined.

101. The Debtors have been damaged as a direct result of Defendant Dean's breach of the duty of loyalty in an amount to be determined.

102. Plaintiff, as representative of Debtors' estates, is entitled to recover damages from Defendant Dean by reason of Defendant Dean's gross negligence and gross mismanagement of the financial affairs of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC, and by reason of Defendant Dean's breach of his duty of loyalty.

## COUNT ELEVEN
## ILLEGAL DISTRIBUTION UNDER MINN. STAT. §§ 302A.551 AND 322B.54

103. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

104. Plaintiff brings this Count Eleven in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

105. Upon information and belief, some portion of the Transfers constitute distributions by Debtors to their shareholders or members (the "Distributions").

106. Upon information and belief, the Distributions made by LGI Energy Solutions, Inc. were not authorized by the company's board of directors and the company was not able to pay its debts in the ordinary course of business after making the distributions.

107. The Distributions made by Debtor LGI Energy Solutions, Inc. were illegal under Minn. Stat. § 302A.551.

108. Dean is liable under Minn. Stat. §§ 302A.557 and 302A.559 for the illegal Distributions made by LGI Energy Solutions, Inc.

109. Upon information and belief, the Distributions made by LGI Data Solutions Company, LLC were not authorized by the company's board of governors and the company was not able to pay its debts in the ordinary course of business after making the distributions.

110. The Distributions made by Debtor LGI Data Solutions Company, LLC were illegal under Minn. Stat. § 322B.54.

111. Dean is liable under Minn. Stat. §§ 322B.56 and 322B.57 for the illegal Distributions made by LGI Data Solutions Company, LLC.

112. Plaintiff, as representative of Debtors' estates, is entitled to recover the illegal Distributions from Dean.

## COUNT TWELVE
## OBJECTION TO CLAIM

113. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

114. Plaintiff brings this Count Twelve in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

115. Pursuant to 11 U.S.C. § 502(d), the claims, if any, of Dean, Kelly, and L&A in the bankruptcy cases of Debtors shall be disallowed unless the Defendants first pay the amount for

which they are liable to Plaintiff including any amounts pursuant to 11 U.S.C. §§ 542(b) or 550.

**PRAYER FOR RELIEF**

**WHEREFORE**, and without electing remedies, Plaintiff respectfully demands the following relief:

1. On Count One, judgment against Dean C. Leischow for repayment of the Loans to Officer, in an amount to be proven.

2. On Count Two, an Order of this Court piercing the limited liability shield of L&A Finance and Marketing LLP and for holding Dean liable for L&A Finance and Marketing LLP's debts and obligations, including any Transfers or claims against L&A Finance and Marketing LLP as set forth in this Complaint.

3. On Count Three, judgment against Dean C. Leischow, Kelly C. Leischow and L&A Finance and Marketing LLP (1) avoiding the Repayment Transfers; (2) awarding Plaintiff the value of the avoided Repayment Transfers, in an amount to be proven; and (3) preserving the avoided Repayment Transfers for the benefit of the bankruptcy estates.

4. On Count Four, judgment against Dean C. Leischow, Kelly C. Leischow, and L&A Finance and Marketing LLP (1) avoiding the Two-Year Transfers; (2) awarding Plaintiff the value of the avoided Two-Year Transfers, in an amount to be proven; and (3) preserving the avoided Transfers for the benefit of the bankruptcy estate.

5. On Count Five, judgment against Dean C. Leischow, Kelly C. Leischow, and L&A Finance and Marketing LLP (1) avoiding the Six-Year Transfers; and (2) awarding Plaintiff the value of the avoided Six-Year Transfers, in an amount to be proven.

6. On Count Six, (1) judgment against Dean C. Leischow for the value of Debtors' property converted, in an amount to be proven; (2) avoiding the Transfers; and (3) Judgment

against Dean C. Leischow, Kelly C. Leischow and L&A Finance and Marketing LLP, the initial transferees and any immediate or mediate transferee under 11 U.S.C. §550.

7. On Count Seven, judgment against Dean C. Leischow for the value of Debtors' property stolen by Dean, in an amount to be proven.

8. On Count Eight, judgment against Dean C. Leischow, Kelly C. Leischow, and L&A Finance and Marketing LLP for an amount equal to three times the value of Debtors' stolen property that was received.

9. On Count Nine, for judgment against Dean C. Leischow in an amount to be determined by reason of his breach of fiduciary duties to the Debtors.

10. On Count Ten, for judgment against Dean C. Leischow in an amount to be determined by reason of his gross negligence, gross mismanagement, and breach of his duty of loyalty.

11. On Count Eleven, for judgment against Dean C. Leischow for the value of the illegal Distributions made by Debtors.

12. On Count Twelve, disallowance of the claims, if any, of Dean C. Leischow, Kelly C. Leischow, and L&A Finance and Marketing LLP in the bankruptcy cases, to the extent provided by 11 U.S.C. § 502(d).Judgment against all Defendants awarding Plaintiff his reasonable costs, fees, and disbursements.

13. Such other and further relief as the Court may deem just and equitable.

Dated: February 18, 2011                    LAPP, LIBRA, THOMSON, STOEBNER
                                                            & PUSCH, CHARTERED

                                                            By:  /e/ Rosanne H. Wirth
                                                                 John R. Stoebner (#140879)
                                                                 Rosanne H. Wirth (#0137479)
                                                                 Tyler D. Candee (#0386598)
                                                           120 South Sixth Street, Suite 2500
                                                           Minneapolis, MN  55402
                                                           T (612) 338-5815
                                                           F (612) 338-6651

                                                           **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

LGI Energy Solutions Inc
Transactions by Account
Version 4 - Monthly Totals

| Ref # | Date | Account 0555 Dr | Account 0555 Cr | Dean Leischow Dr | Dean Leischow Cr | Dean Leischow Monthly Totals | L & A Finance Account 9098 Dr | L & A Finance Account 9098 Cr | L & A Finance Monthly Totals |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | - | - | - | (810,127.70) | (810,127.70) | | | - |
| 2 | 1/9/2008 | 36,000.00 | | | | | | | |
| 3 | 1/18/2008 | | | 1,200.36 | | | | | |
| 4 | 1/22/2008 | | | 2,333.33 | | | | | |
| 5 | 1/22/2008 | | | 50,600.00 | | | | | |
| 6 | 1/31/2008 | | | 32,033.35 | | 122,167.04 | | | - |
| 7 | 2/5/2008 | 10,000.00 | | | | | | | |
| 8 | 2/7/2008 | | | 582.42 | | | | | |
| 9 | 2/7/2008 | | | 11,000.00 | | | | | |
| 10 | 2/13/2008 | 40,000.00 | | | | | | | |
| 11 | 2/15/2008 | | | 4,357.27 | | | | | |
| 12 | 2/22/2008 | 10,000.00 | | | | | | | |
| 13 | 2/25/2008 | 35,972.00 | | | | | | | |
| 14 | 2/26/2008 | | | 1,200.36 | | 113,112.05 | | | - |
| 16 | 3/13/2008 | | | | | | 2,525.00 | | |
| 17 | 3/15/2008 | | | 8,642.22 | | | | | |
| 19 | 3/17/2008 | 34,400.00 | | | | | | | |
| 20 | 3/24/2008 | | | 1,200.36 | | | | | |
| 21 | 3/24/2008 | 25,000.00 | | | | 69,242.58 | | | 2,525.00 |
| 22 | 4/1/2008 | | | 1,659.60 | | | | | |
| 24 | 4/8/2008 | | | 850,000.00 | | | | | |
| 25 | 4/10/2008 | | | 23,857.28 | | | | | |
| 27 | 4/15/2008 | | | 22,768.92 | | | | | |
| 30 | 4/23/2008 | | | 1,200.36 | | | | | |
| 31 | 4/24/2008 | | | | | | 10,000.00 | | |
| 32 | 4/29/2008 | 3,000.00 | | | | | 6,285.00 | | |
| 32 | 4/29/2008 | 48,562.83 | | | | 951,048.99 | | | 16,285.00 |
| 33 | 5/12/2008 | | (125,000.00) | | | | | | |
| 34 | 5/12/2008 | 125,000.00 | | | | | | | |
| 35 | 5/12/2008 | 26,500.00 | | | | | | | |
| 37 | 5/15/2008 | | | 23,975.27 | | | | | |
| 38 | 5/15/2008 | | | | (325.00) | | | | |
| 39 | 5/19/2008 | 30,000.00 | | | | | | | |
| 40 | 5/20/2008 | | | | | | 6,000.00 | | |
| 41 | 5/23/2008 | | | 1,200.36 | | | | | |
| 42 | 5/27/2008 | 5,000.00 | | | | | | | |
| 43 | 5/28/2008 | | | | | | | (73,861.50) | |
| 45 | 5/29/2008 | | | 73,861.50 | | 160,212.13 | | | (67,861.50) |
| 56 | 6/5/2008 | | | 8,539.14 | | | | | |
| 57 | 6/9/2008 | 176,000.00 | | | | | | | |
| 58 | 6/9/2008 | 125,000.00 | | | | | | | |
| 59 | 6/9/2008 | 1,800.00 | | | | | | | |
| 61 | 6/9/2008 | | (300,000.00) | | | | | | |
| 63 | 6/10/2008 | | | | | | 1,800.00 | | |
| 64 | 6/10/2008 | | | 16,459.00 | | | | | |
| 65 | 6/10/2008 | 10,000.00 | | | | | | | |
| 67 | 6/10/2008 | | | 19,817.00 | | | | | |
| 68 | 6/16/2008 | | | 2,000.00 | | | | | |
| 69 | 6/16/2008 | | | 10,000.00 | | | | | |
| 70 | 6/16/2008 | | | 16,115.24 | | | | | |
| 71 | 6/17/2008 | | | 2,637.10 | | | | | |
| 75 | 6/17/2008 | 34,400.00 | | | | | | | |
| 77 | 6/23/2008 | | | 1,200.36 | | | | | |
| 80 | 6/24/2008 | | | | | | 12,000.00 | | |
| 84 | 6/27/2008 | 10,000.00 | | | | 133,967.84 | | | 13,800.00 |
| 91 | 7/7/2008 | | | 300.00 | | | | | |
| 93 | 7/9/2008 | | | 5,000.00 | | | | | |
| 94 | 7/9/2008 | 38,000.00 | | | | | | | |
| 95 | 7/11/2008 | | | 4,030.00 | | | | | |
| 96 | 7/15/2008 | | | 12,317.69 | | | | | |
| 97 | 7/15/2008 | | | 27,815.13 | | | | | |
| 99 | 7/18/2008 | 34,500.00 | | | | | | | |
| 104 | 7/22/2008 | 10,000.00 | | | | | | | |
| 105 | 7/23/2008 | | | 1,200.36 | | | | | |
| 106 | 7/23/2008 | 25,000.00 | | | | | | | |
| 107 | 7/23/2008 | | | 47,564.60 | | | | | |
| 109 | 7/25/2008 | | | 5,000.00 | | | | | |
| 113 | 7/28/2008 | | | | | 210,727.78 | 30,000.00 | | 30,000.00 |
| 144 | 8/14/2008 | | | 5,000.00 | | | | | |
| 145 | 8/14/2008 | 4,000.00 | | | | | | | |
| 146 | 8/15/2008 | | | 42,209.08 | | | | | |
| 147 | 8/18/2008 | | | | | | 39,850.00 | | |
| 150 | 8/22/2008 | | | | | | 37,500.00 | | |
| 153 | 8/25/2008 | | | 1,200.36 | | | | | |
| 158 | 8/29/2008 | | | | | | 145,000.00 | | |
| 159 | 8/29/2008 | | | | | | | (145,000.00) | |

# LGI Energy Solutions Inc
## Transactions by Account
### Version 4 - Monthly Totals

| Ref # | Date | Dean Leischow Account 0555 Dr | Cr | | Dean Leischow Dr | Cr | Dean Leischow Monthly Totals | L. & A Finance Account 9098 Dr | Cr | | L & A Finance Monthly Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | 8/31/2008 | | | | | | 52,409.44 | 625,000.00 | | | 702,350.00 |
| 166 | 9/2/2008 | 22,000.00 | | | | | | | | | |
| 167 | 9/3/2008 | | | | | | | 491,000.00 | | | |
| 171 | 9/10/2008 | | | | 5,723.37 | | | | | | |
| 172 | 9/12/2008 | | | | | | | 85,000.00 | | | |
| 174 | 9/12/2008 | | | | | | | 120,000.00 | | | |
| 175 | 9/14/2008 | | | | 23,157.13 | | | | | | |
| 176* | 9/15/2008 | | | | | | | | (735,069.00) | | |
| 177 | 9/15/2008 | | | | | | | | (55,000.00) | | |
| 178 | 9/15/2008 | | | | 637,194.12 | | | | | | |
| 179 | 9/15/2008 | 34,000.00 | | | | | | | | | |
| 180 | 9/17/2008 | | | | 8,785.42 | | | | | | |
| 181 | 9/18/2008 | | | | | | | | | | |
| 182* | 9/19/2008 | | | | | | | 200,000.00 | | | |
| 183 | 9/22/2008 | | | | | | | | (452,250.00) | | |
| 185 | 9/23/2008 | | | | | | | 50,000.00 | | | |
| 186 | 9/23/2008 | | | | | | | 86,000.00 | | | |
| | 9/2008 | 24,500.00 | | A | | | 755,360.04 | 85,000.00 | | | |
| 194 | 10/1/2008 | | | | 837.62 | | | 625,431.24 | (76,500.00) | B | 423,612.24 |
| 195 | 10/1/2008 | | | | 966.00 | | | | | | |
| 196 | 10/1/2008 | | | | 622.25 | | | | | | |
| 197 | 10/1/2008 | | | | 410.00 | | | | | | |
| 198 | 10/1/2008 | | | | 1,394.24 | | | | | | |
| 199 | 10/1/2008 | | | | 765.62 | | | | | | |
| 200 | 10/1/2008 | | | | 51,840.00 | | | | | | |
| 201 | 10/15/2008 | | | | 193,795.55 | | | | | | |
| 202 | 10/15/2008 | | | | 427.68 | | | | | | |
| 203 | 10/15/2008 | | | | | (2,560.23) | | | | | |
| 204 | 10/16/2008 | | | | | | | | | | |
| 207 | 10/30/2008 | | | | | | | 35,000.00 | | | |
| | 10/2008 | 25,000.00 | | A | | | 273,498.73 | | (94,000.00) | | (59,000.00) |
| 212 | 11/4/2008 | | | | | | | 94,000.00 | | | |
| 216 | 11/11/2008 | 9,000.00 | | | | | | | | | |
| 218 | 11/17/2008 | | | | | | | | (55,000.00) | | |
| 219 | 11/19/2008 | | | | 47,600.00 | | | | | | |
| 220 | 11/30/2008 | | | | 1,890.74 | | | | | | |
| 221 | 11/30/2008 | | | | 1,200.36 | | | | | | |
| | 11/2008 | 150,000.00 | (150,000.00) | A | | | | | | | |
| 223* | | 199,500.00 | (150,000.00) | | | | | 625,431.24 | (76,500.00) | | |
| 223* | | (199,500.00) | 150,000.00 | A | | | 59,691.10 | (625,431.24) | 76,500.00 | B | 39,000.00 |
| | | 1,162,634.83 | (575,000.00) | | 2,316,688.12 | (813,012.93) | 2,091,310.02 | 2,787,391.24 | (1,686,680.50) | | 1,100,710.74 |
| | | | | | | | b | | | | b |
| | | 1,162,634.83 | | | 2,316,688.12 | | | 2,787,391.24 | | | |
| | | (575,000.00) | | | (813,012.93) | | | (1,686,630.50) | | | |
| | | 587,634.83 | | | 1,503,675.19 | | | 1,100,710.74 | | | |
| | | a | | | a | | | a | | | |
| | | | | | | | Total | 3,192,020.76 | a | | 3,192,020.76 b |

* Supplemental Schedule